# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

CHAMBERS OF
**STEPHANIE A. GALLAGHER**
**UNITED STATES MAGISTRATE JUDGE**

**101 WEST LOMBARD STREET**
**BALTIMORE, MARYLAND 21201**
**(410) 962-7780**
**Fax (410) 962-1812**

June 2, 2014

LETTER TO COUNSEL:

      RE:    *Darrell Kevin Holland v. Commissioner, Social Security Administration*;
              Civil No. SAG-13-2648

Dear Counsel:

      On September 12, 2013, the Plaintiff, Darrell Kevin Holland, petitioned this Court to review the Social Security Administration's final decision to deny his claim for Disability Insurance Benefits ("DIB"). (ECF No. 1). I have considered the Commissioner's motion for summary judgment. (ECF No. 18). Mr. Holland, who appears *pro se*, has not filed a motion for summary judgment or an opposition to the Commissioner's motion.[1] I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater,* 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will grant the Commissioner's motion. This letter explains my rationale.

      Mr. Holland filed his claim on November 19, 2010, alleging disability beginning on December 1, 2008. (Tr. 138-40). His date last insured is December 31, 2009, so the relevant period is between December 1, 2008 and December 31, 2009. (Tr. 22). His claim was denied initially on December 14, 2010, and on reconsideration on March 4, 2011. (Tr. 72-75, 78-80). A hearing was held on March 21, 2012 before an Administrative Law Judge ("ALJ"), at which Mr. Holland was represented by counsel. (Tr. 33-61). Following the hearing, on May 25, 2012, the ALJ determined that Mr. Holland was not disabled during the relevant time frame. (Tr. 20-28). The Appeals Council denied Mr. Holland's request for review, (Tr. 2-6), so the ALJ's decision constitutes the final, reviewable decision of the agency.

      The ALJ found that during the relevant time period, Mr. Holland suffered from the severe impairments of lumbar spinal stenosis and obesity. (Tr. 22). Despite these impairments, the ALJ determined that Mr. Holland retained the residual functional capacity ("RFC") to "perform light

---

[1] Mr. Holland was represented by counsel at the time that he filed this petition for review. Prior to the deadline for his summary judgment motion, Mr. Holland discharged his counsel. (ECF No. 13). An Order granting his Motion for Leave to Withdraw Appearance as Counsel was entered on January 16, 2014. (ECF No. 14). Mr. Holland was advised that the deadline for his motion for summary judgment was January 21, 2014. *Id.* A Rule 12/56 letter was mailed to Mr. Holland on March 25, 2014, advising him of the potential consequences of failure to oppose the Commissioner's motion. (ECF No. 19).

*Darrell Kevin Holland v. Commissioner, Social Security Administration*
Civil No. SAG-13-2648
June 2, 2014
Page 2

work as defined in 20 CFR 404.1567(b) except occasional climbing, balancing, stooping, kneeling, crouching, and crawling; and limited to routine repetitive unskilled tasks." (Tr. 23). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Holland could perform jobs that exist in significant numbers in the national economy, and that he was therefore not disabled during the relevant time frame. (Tr. 27-28).

Mr. Holland has not filed a motion in support of his appeal. I have carefully reviewed the ALJ's opinion and the entire record. *See Elam v. Barnhart*, 386 F. Supp. 2d 746, 753 (E.D. Tex. 2005) (mapping an analytical framework for judicial review of a *pro se* action challenging an adverse administrative decision, including: (1) examining whether the Commissioner's decision generally comports with regulations, (2) reviewing the ALJ's critical findings for compliance with the law, and (3) determining from the evidentiary record whether substantial evidence supports the ALJ's findings). For the reasons described below, substantial evidence supports the ALJ's decision.

The ALJ ruled in Mr. Holland's favor at step one, finding that he had not engaged in substantial gainful activity between the alleged onset date and the date last insured. (Tr. 22). The ALJ's sequential evaluation appears to address, at step two, each of the impairments Mr. Holland suffered during the relevant time frame. As noted above, the ALJ concluded that several of Mr. Holland's impairments were severe. Moreover, the ALJ considered Mr. Holland's allegation that he suffered from depression. The ALJ found that the allegation of depression was a non-medically determinable impairment prior to the date last insured because of the absence of any complaints, treatment, or diagnosis of these symptoms in the relevant time period. (Tr. 22-23). The ALJ nonetheless accounted for the alleged depression in Mr. Holland's RFC assessment. (Tr. 26). After finding at least one severe impairment, the ALJ continued with the sequential evaluation process and considered all of the impairments, both severe and non-severe, that significantly impacted Mr. Holland's ability to work. *See* 20 C.F.R. §§ 404.1523; 416.923. Accordingly, I find no basis for remand.

At step three, the ALJ determined that Mr. Holland's impairments did not meet the specific requirements of, or medically equal the criteria of, any Listings. (Tr. 23). The ALJ considered the specific requirements of Listing 1.04, which pertains to disorders of the spine. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.04. I agree that no Listings are met. Listing 1.04 requires a claimant suffering from lumbar spinal stenosis to show his condition "result[ed] in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively." *Id.* at § 1.04(C). An inability to ambulate effectively is defined as "an extreme limitation of the ability to walk." *Id.* at § 1.00(B)(2)(b). Examples of ineffective ambulation include the inability to walk without the use of a walker, the use of two crutches or two canes, or the inability to carry out routine ambulatory activities, such as shopping and banking. *Id.*

Although the record evidences Mr. Holland's spinal stenosis and establishes that his condition resulted in pseudoclaudication, *see* (Tr. 230) (describing the claimant's "history of

bilateral leg pain, left greater than right and neurogenic claudication,[2]" and finding Mr. Holland's MRI "shows significant stenosis"), the ALJ properly found that the impairments did not rise to the level required by the Listing. (Tr. 23). First, there is substantial evidence that Mr. Holland was capable of ambulating effectively under the definition provided in § 1.00(B)(2)(b). While Mr. Holland experienced pain and difficulty walking long distances, climbing stairs, and standing for extended periods of time, the objective evidence supports a finding that he could ambulate effectively. Mr. Holland's medical records observe that he performed many of his daily activities without assistance, and he was capable of walking without an assistive device. (Tr. 289). To meet the level of ineffective ambulation required by the Listing, a claimant must show "an impairment(s) that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.00(B)(2)(b). Mr. Holland reported "[w]alking the floor at night all the time," (Tr. 51), going up and down stairs "a fair amount of time," (Tr. 55), driving, (Tr. 55), and assisting with some household tasks, including cooking with use of a stool, (Tr. 48), taking care of his granddaughter, (Tr. 52), and carrying grocery bags. (Tr. 46). Second, the ALJ considered the additional and cumulative effects of Mr. Holland's obesity, as required by § 1.00(Q). The ALJ noted both the claimant's body mass index (BMI) prior to the date last insured and his BMI at the time of the hearing, and found that the evidence failed to establish the criteria of any other Listing. (Tr. 23). I concur with the ALJ's assessment.

At step four, the ALJ summarized Mr. Holland's subjective complaints. (Tr. 24-25). The ALJ did not find Mr. Holland's statements concerning the intensity, persistence, and limiting effects of his symptoms to be credible to the extent that they were inconsistent with the ALJ's RFC assessment. (Tr. 25). The ALJ noted that the medical evidence prior to Mr. Holland's date last insured was limited. *Id.* Thus, the ALJ considered medical records through November 2011 as they related back to the period prior to December 31, 2009, when Mr. Holland's insured status expired. *Id.* Although Mr. Holland's medically determinable impairments could reasonably be expected to cause severe pain, the ALJ found that treatment notes from Mr. Holland's primary care physician "demonstrated only minimal tenderness along the lumbar spine, and a slow, but intact gait with no assistive device, as well as no atrophy." *Id. See* (Tr. 289) (noting slow gait with no assistive device and no muscle atrophy); (Tr. 324) (noting manageable pain and ability to exercise); (Tr. 321) (noting improving pain and no leg weakness). The ALJ also pointed to specific evidence to support the RFC assessment. The ALJ referred to progress notes through Mr. Holland's two surgical procedures indicating that the procedures were largely successful in relieving Mr. Holland's symptoms. (Tr. 247-81). Specifically, the ALJ relied on a State agency medical consultant's assessment of Mr. Holland's exertional limitations, and assigned it "great weight" due to its consistency with the medical record as well as Mr. Holland's testimony at the hearing. (Tr. 26); *see also* (Tr. 45-46) (Mr. Holland's testimony endorsed his ability to lift grocery bags weighing up to 25 pounds, to stand for 25-30 minutes before sitting, to walk for a half-block before stopping, and to sit for 25 to 30 minutes before having to stand.). The ALJ

---

[2] Neurogenic claudication is synonymous with pseudoclaudication. THOMAS N. BYRNE ET AL., DISEASES OF THE SPINE AND SPINAL CORD 148 (2000).

*Darrell Kevin Holland v. Commissioner, Social Security Administration*
Civil No. SAG-13-2648
June 2, 2014
Page 4

also gave some weight to Mr. Holland's subjective complaints, and restricted the RFC assessment beyond what had been recommended by the State agency medical consultant.  (Tr. 26).

Moreover, the ALJ considered Mr. Holland's allegations of depression, despite the absence of any medical records to substantiate the claim prior to the date last insured.  (Tr. 26). The ALJ properly assigned "little weight" to the opinion of Mr. Holland's therapist, Deborah Davis, M. Ed.  *Id.*  Ms. Davis opined that Mr. Holland had limited abilities in multiple areas of cognitive functioning.  *See* (Tr. 318-20) (finding that Mr. Holland has poor to no useful ability to understand, remember, and carry out complex, detailed, or simple job instructions).  The ALJ correctly noted that a therapist with a master's degree in education is not considered an "acceptable medical source" under SSR 06-03p, and that Ms. Davis's conclusions were inconsistent with the limited mental health evaluation and treatment throughout the record.  (Tr. 26).  My review of the ALJ's decision is confined to whether substantial evidence supports the decision and whether correct legal standards were applied.  *Richardson v. Perales*, 402 U.S. 389, 390, 404 (1971).  Even if there is other evidence that may support Mr. Holland's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).  In considering the entire record, I find the ALJ's RFC determination was supported by substantial evidence.

As part of step four, the ALJ must determine whether the claimant is capable of performing any past relevant work.  Here, the ALJ heard testimony from the VE regarding the ability of a person with Mr. Holland's RFC to perform past relevant work as a HVAC technician and small business owner.  (Tr. 56-59).  Although these jobs are classified as skilled work normally requiring medium and light levels of exertion, the VE testified that Mr. Holland performed his work at the heavy to very heavy level of exertion.  (Tr. 57).  The ALJ concluded that Mr. Holland's RFC precluded the performance of his past relevant work.  (Tr. 26).  At step five, the ALJ next considered the impact of Mr. Holland's age and level of education on his ability to adjust to new work.  (Tr. 27).  Relying on the Medical-Vocational Guidelines, 20 C.F.R. Pt. 404, Subpt. P, App. 2, the ALJ correctly found that an individual closely approaching advanced age with at least a high school education and a light RFC is not considered disabled *per se*.  *Id.*  Since Mr. Holland's RFC assessment contained additional limitations, the ALJ asked the VE whether jobs existed in the national economy that were suited to Mr. Holland's particular assessment.  (Tr. 57).  The VE testified that a person with Mr. Holland's RFC would be capable of performing the jobs of cashier, ticket taker, and parking lot booth attendant.  (Tr. 58).  Based on the VE's testimony, the ALJ concluded that Mr. Holland is capable of successfully adjusting to other work that exists in significant numbers in the national economy.  (Tr. 28).  I find that the ALJ's determination was supported by substantial evidence.

For the reasons set forth herein, the Commissioner's motion for summary judgment (ECF No. 18) will be GRANTED.  The Clerk is directed to CLOSE this case.

*Darrell Kevin Holland v. Commissioner, Social Security Administration*
Civil No. SAG-13-2648
June 2, 2014
Page 5


Despite the informal nature of this letter, it should be flagged as an opinion.   An implementing Order follows.


Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge